### FREDERICK H. NOBLE *vs.* LEONARD L. BUSWELL.

### Penobscot.    Opinion December 20, 1901.

*Sale. Rescission.    Time.    Demurrage.    Recoupment.*

The plaintiff bargained with the defendant for a quantity of hay and straw, which was subsequently shipped to him according to order. He paid the freight, and, without examination of the hay, caused one load of it to be removed from the car to his barn. After examination, the same day, he became satisfied that the hay was not of so good quality as the contract called for, and he so notified the defendant immediately, adding, "The car is on the track at your risk." Six days later the plaintiff returned the the load of hay taken to the car, which in the meantime had become subject to demurrage. The plaintiff has sued to recover the freight paid, and the defendant has filed an account in set-off for the price of the hay and straw.

*Held;* that if the hay was not as good as the contract called for, the plaintiff might have declined to accept the hay; and that after he received a part of the hay, under the circumstances, he had a right to rescind the contract; that to rescind the contract he must restore the hay within a reasonable time; that the delay in this case was unreasonable; and, hence, that the attempted rescission was ineffectual. It follows that the title to the hay and straw remained in the plaintiff, and he cannot recover back the freight paid.

*Held;* that the defendant may recover on his account in set-off. But as it is evident that the hay received was of a poorer quality than that which the defendant agreed to deliver, the plaintiff may recoup. The defendant is entitled to recover only the actual value of the hay.

On report.    Judgment for defendant.

Assumpsit for freight and cartage paid by plaintiff on a carload of hay and straw, shipped him by defendant. Plaintiff claimed the quality of the hay was poorer than he ordered and sought to rescind the sale. Defendant filed a set-off for the price of the hay and straw.

The case is stated in the opinion.

*H. H. Patten,* for plaintiff.

*Hugo Clark,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

SAVAGE, J. This case comes up on report. We think the essential facts to be deduced from the evidence are as follows:

On September 15, 1900, the plaintiff wrote to the defendant, "You may ship me car of straw at price named $7.00 per ton in Bangor." Four days later the defendant wrote to the plaintiff, and after explaining his inability to ship a whole car of straw, said, "I don't see any other way to load the car but to make up with hay. The hay will cost you $13 in Bangor. Shall I ship it to you or not." On the same day, September 19, the plaintiff replied, "If your hay is extra nice, strictly No. 1, you may ship with the straw at that price, but if not, please ship the straw and I will pay the difference in freight on half car of straw." After some delay, but without additional negotiations, the defendant shipped to the plaintiff a car of straw and hay, which arrived in Bangor September 27. September 29, the plaintiff paid the freight, ten dollars, and without examination of the hay, caused one load of it to be removed from the car to his barn. After examination, the same day, the plaintiff immediately wrote and also telegraphed to the defendant that the hay was not "first class," that he did not want it. He added, "The car is on the track at your risk; what will you do about it?" This was Saturday. On the following Monday, October 1, the defendant called upon the plaintiff in Bangor. The plaintiff said he would not accept the hay, and demanded of the defendant the ten dollars paid for freight, and fifty cents paid for trucking the load which had been removed. The defendant offered to pay the ten dollars, which the plaintiff declined. A little later, the plaintiff, speaking of the hay which had been removed, said to the defendant: "There it is out there in the barn. If you take it where it is, it will cost you ten dollars and fifty cents. . . . . If I put it back, it will cost you eleven dollars." Still later in the day the defendant notified the plaintiff that the hay on the car was at his risk and disposal. The plaintiff replied that he would not take it. On the fifth day of October the plaintiff returned to the car the hay which had been removed, and notified the defend-

ant that the carload of hay was at his risk and disposal. The reason assigned was that the hay was not of the kind or quality which had been purchased.

The plaintiff now brings this action to recover the ten dollars paid for freight, and one dollar for truckage of the load removed and returned, fifty cents each way. The defendant has filed in set-off an account for the contract price of the hay and straw sold.

We are satisfied that the hay in question was not "extra nice, strictly No. 1" in quality, as stipulated in the order given by the plaintiff. Inasmuch as there was no opportunity for inspecting the hay before delivery, the defendant, by accepting the plaintiff's order and shipping the hay, impliedly agreed that the hay was of the quality specified in the plaintiff's order. The hay not being of that quality, there was a breach of the defendant's implied agreement, and the defendant accordingly would have been justified in declining to accept the hay. But he removed one load, which, under the circumstances, was an acceptance, unless rescinded. Nevertheless, he had a right to rescind the contract. To rescind the contract, he must restore the hay. *Pratt* v. *Philbrook*, 33 Maine, 17. To make the rescission effective, the restoration must be within a reasonable time. *Wingate* v. *King*, 23 Maine, 35. The plaintiff did claim to rescind the contract, and he restored the hay to the car from which he took it. If this was done seasonably, the title in the hay would then be in the defendant, and the plaintiff may recover the amount he advanced for freight.

The case at this point turns upon the answer to the question whether the hay was restored within a reasonable time. We think it was not. A party desiring to rescind must use proper diligence. *Cutler* v. *Gilbreth*, 53 Maine, 176. The plaintiff began unloading the hay Saturday, September 29. It was not restored to the car until Friday, October 5. We think that this delay in itself was unreasonable. But aside from that, while the plaintiff was delaying the restoration of the hay, the car upon which the remaining hay and straw was loaded had become subject to demurrage. The defendant was thereby made liable for extra expense. Merely restoring the hay did not place the parties in statu quo. *Potter* v. *Titcomb*, 22

Maine, 300. Therefore the attempted rescission was ineffectual. The title to the hay and straw remained in the plaintiff. He cannot recover back the freight paid in pursuance of his contract of purchase. He must pay for the hay and straw. But he is entitled to show, by way of recoupment, that the hay received was of a poorer quality than that which the defendant agreed to deliver. *Morse* v. *Moore*, 83 Maine, 473, 23 Am. St. Rep. 783, 13 L. R. A. 224. And the reduction in damages should be the difference between the value of the hay and straw delivered and that of the hay and straw contracted for.

Applying this rule, the evidence satisfies us that the defendant should recover only seventy-five dollars on his account in set-off.

*Judgment for the defendant for seventy-five dollars and interest from the date of the writ.*